**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HECK'S, INC., Respondent.**

**No. 11671.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 11, 1968.

Decided June 28, 1968.

---

**338**

Elliott Moore, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Bernard M. Dworski, Atty., N.L.R.B., on brief), for petitioner.

Frederick F. Holroyd, Charleston W. Va., for respondent.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

We decline enforcement of orders of the National Labor Relations Board[1] requiring Heck's, Inc. to bargain with Meat Cutters Local 347 in its Ashland, Kentucky store and Teamsters Local 175 in its warehouses in the Charleston, West Virginia area. Insofar as the orders proscribe other unfair labor practices and require the reinstatement of employee Goins, they will be enforced.

The Board's findings that Heck's, Inc., violated § 8(a) (1) of the National Labor Relations Act[2] by interrogating employees with regard to their union sympathies, threatening reprisals against employees for their union support, creating the impression of surveillance of its employees' union activities and offering employees benefits in exchange for their union opposition, are supported by substantial evidence. There is also substantial evidence to support the finding that employee Goins was discharged for his union activities, his dismissal being a violation of § 8(a) (3) and (1) of the Act.

However, the Board's findings that the refusal of Heck's, Inc. to bargain with the unions was a violation of § 8(a) (5) and (1) of the Act cannot stand. The Teamsters and the Meat Cutters based their demands for recognition and bargaining on union authorization cards. In the Charleston area warehouses, the union had obtained 13 signed authorization cards from the employees in the requested unit of 26 members when the first demand for recognition was made. An additional card was procured the next day when a second demand was made. The Ashland store union fared a little better, obtaining 21 signed authorization cards from 38 employees in the unit, although there was some ambiguity as to the precise size of the bargaining unit requested. Heck's, Inc. refused to recognize and bargain with the unions under a claim of belief that they had not yet attained majority status in the respective bargaining units.

We have recently discussed the unreliability of the cards, in the usual case, in determining whether or not a union has attained a majority status and have concluded that an employer is justified in entertaining a good faith doubt of the union's claims when confronted with a demand for recognition based solely

1. 166 NLRB Nos. 32 and 38.

2. 29 U.S.C. § 151 et seq.

upon union authorization cards. We have also noted that the National Labor Relations Act after Taft-Hartley amendments provides for an election as the sole basis of a certification and restricts the Board to the use of secret ballots for the resolution of representation questions.[3] This is not one of those extraordinary cases in which a bargaining order might be an appropriate remedy for pervasive violations of § 8(a) (1). It is controlled by our recent decisions and their reasoning. See NLRB v. S. S. Logan Packing Co., 4 Cir., 386 F.2d 562; NLRB v. Sehon Stevenson and Co., 4 Cir., 386 F.2d 551; Crawford Mfg. Co. v. NLRB, 4 Cir., 386 F.2d 367, cert. denied 390 U.S. 1028, 88 S.Ct. 1408, 20 L.Ed.2d 286. There was not substantial evidence to support the findings of the Board that Heck's, Inc. had no good faith doubt of the unions' claims of majorities.

Enforcement granted in part and denied in part.

---

3. Even the Board has agreed with our construction of the Act.

"Section 9(c) of the Act, as amended, prescribes the election by secret ballot as the sole method of resolving a question concerning representation, and leaves the Board without the discretion it formerly possessed—but rarely exercised—to utilize other 'suitable means' of ascertaining representatives." Annual Report of the NLRB for 1948 at p. 32.