**GENERAL STEEL PRODUCTS, INC. and Crown Flex of North Carolina, Inc., Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 10543.

United States Court of Appeals Fourth Circuit.

Argued Jan. 11, 1968.

Decided June 28, 1968.

Lewis P. Hamlin, Jr., Salisbury, N. C., (Robert M. Martin, High Point, N. C., on brief), for petitioners.

Elliott C. Moore, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elliott C. Lightman, Atty., N. L. R. B., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

Petitioners, General Steel Products and Crown Flex of North Carolina, found by the Board to constitute a single employer within the meaning of the National Labor

Relations Act,[1] seek review of an order of the National Labor Relations Board.[2] The order is predicated upon the Board's findings that the employer illegally coerced its employees in the exercise of their rights under the Act and had no good faith doubt as to the majority status of the union when it refused to recognize it as the authorized bargaining representative of a unit of its employees. We deny enforcement of those portions of the order dependent upon the latter finding.

The Upholsterers' International Union of North America, AFL–CIO attempted to organize the Company's employees. By letter, the union advised the company that it held signed authorization cards from a majority of the company's employees and requested recognition and a bargaining meeting. The Board found that at that time the union held valid cards from 120 of 207 employees in the unit in question. The company refused to recognize the union, stating its disbelief in the union's claimed majority status. In the meantime, the union filed a petition with the Board for a representation election. The election was held and the union was defeated.

The Board found that during the union's campaign the company engaged in coercive activity in violation of § 8(a) (1) of the Act. Substantial evidence exists on the whole record to support this finding, and we enforce those portions of the order directing the company to cease and desist from coercing its employees and to post appropriate notices. Accepting the Board's findings, however, the violations of § 8(a) (1) as found by the Board were not so extensive or pervasive as to prevent the conduct of a valid secret election.[3]

The Board further found that the company's refusal to bargain with the union upon request was not motivated by a good faith doubt as to majority status and constituted a violation of §§ 8(a) (5) and (1) of the Act. In several recent cases we have set forth in sufficient detail the reasons such a finding cannot stand in a typical case of this sort.[4] Accordingly, we deny enforcement of those portions of the order directing the company to cease and desist from refusing to bargain with the union and to bargain with the union upon request.

Enforcement granted in part and denied in part.

---

1. 29 U.S.C.A. § 151 et seq.

2. 157 NLRB No. 59.

3. Whether or not the election actually held was properly held invalid, we do not decide, but the § 8(a) (1) violations found to have occurred were not so pervasive that available remedies were not reasonably calculated to assure a free exercise of the employees' choice by secret ballot rather than by resort to a count of questionable cards.

4. Crawford Mfg. Co. v. NLRB, 4 Cir., 386 F.2d 367, cert. denied 390 U.S. 1028, 88 S.Ct. 1408, 20 L.Ed.2d 286; NLRB v. S. S. Logan Packing Co., 4 Cir., 386 F.2d 562; NLRB v. Sehon Stevenson & Co., Inc., 4 Cir., 386 F.2d 551; NLRB v. Heck's Inc., 4 Cir., 398 F.2d 337; NLRB v. Gissel Packing Co., Inc., 4 Cir., 398 F.2d 336.