398 F.2d 336
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GISSEL PACKING COMPANY, Inc., Respondent.
Food Store Employees Union, Local #347, Amalgamated Meat
Cutters and ButcherWorkmen of North America,
AFLCIO, Intervenor.
 No. 11228.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 11, 1968.
Decided June 28, 1968, Certiorari Granted Dec. 16, 1968, See
89 S.Ct. 482.
 
 Paul J. Spielberg, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Francis Flannery, Atty., N.L.R.B., on brief), for petitioner.
 C. Robert Schaub, Huntington W. Va. (Jenkins, Schaub & Fenstermaker, Huntington, W. Va., on brief), for respondent.
 Albert Gore, Chicago, Ill. (Judith A. Lonnquist, and Jacobs & Gore, Chicago, Ill., on brief), for intervenor.
 Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit judges.
 PER CURIAM:
 
 
 1
 The National Labor Relations Board petitions for enforcement of its order[1] directing respondent, Gissel Packing Company, Inc. to take certain steps to remedy violations of the National Labor Relations Act[2] found by the Board to have occurred. We decline enforcement of that portion of the order directing respondent to bargain with the union upon request.
 
 
 2
 Respondent is a West Virginia corporation engaged in the slaughtering, processing, and wholesaling of beef and pork products. Amalgamated Meat Cutters and Butcher Workmen of North America, the union, attempted to organize certain of respondent's employees in 1960 and 1961. The Board directed that an election be held, but the union was defeated. About the middle of January, 1965, the union began a second campaign to organize respondent's employees, and it is out of this campaign that this controversy arises.
 
 
 3
 The Board concluded that during the 1965 campaign respondent violated Section 8(a)(1) of the Act by coercing its employees in the exercise of their rights under the Act and Section 8(a)(3) by discharging two employees because of their union membership and activity. Substantial evidence on the whole record, though not uncontradicted, exists to support these findings, and we enforce that portion of the Board's order requiring respondent to remedy these violations.
 
 
 4
 We are unable, however, to accept the Board's determination that respondent violated Sections 8(a)(5) and (1) of the Act by refusing to bargain with the union upon request, for the evidence is insufficient to support a finding that respondent did not have a good faith doubt as to the union's majority status when confronted with the demand for recognition. On January 22, 1965, union representative Spencer informed respondent that the union represented a majority of the employees in certain unit and requested recognition basing his claim upon possession by the union of signed authorization cards from 31 of the 47 unit employees. Respondent replied through its agents that it doubted the union's claim, and invited Spencer to file for a Board election. The bases of its doubts were buttressed by the fact that a few years earlier the union lost a valid secret election after a similar claim of majority status.
 
 
 5
 In recent cases we have had occasion to point out that authorization cards are such unreliable indicators of the desires of the employees that an employer confronted with a demand for recognition based solely upon them is justified in withholding recognition pending the result of a certification election.[3] The reasoning elaborated in those decisions applies with equal force here, and we decline enforcement of that portion of the Board's order requiring respondent to bargain with the union.
 
 
 6
 Enforcement granted in part and denied in part.
 
 
 
 [1]
 157 NLRB No. 94
 
 
 [2]
 29 U.S.C.A. 151 et seq
 
 
 [3]
 Crawford Mfg. Co. v. NLRB, 4 Cir., 386 F.2d 367, cert. denied 390 U.S. 1028, 88 S.Ct. 1408, 20 L.Ed.2d 286; NLRB v. S. S. Logan Packing Co., 4 Cir., 386 F.2d 562; NLRB v. Sehon Stevenson & Co., Inc., 4 Cir., 386 F.2d 551; NLRB v. Heck's, Inc., 4 Cir., 398 F.2d 337