**FAIRMONT FOODS COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 12680.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1969.

Decided Feb. 28, 1969.

---

Carl D. Hall, Tulsa, Okl. (John M. Keefer, and Hall & Sublett, Tulsa, Okl., on brief) for petitioner.

Seth D. Rosen, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Paul J. Spielberg, Atty., N. L. R. B., on brief) for respondent.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

This case is before the court upon petition of Fairmont Foods, Inc., (Fairmont) pursuant to section 10(f) of the Nation-al Labor Relations Act, as amended, (61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 *et seq.*) to review and set aside the order of the National Labor Relations Board issued against UtoteM of Oklahoma (the company), a wholly-owned subsidiary of Fairmont.[1] This court has jurisdiction under section 10(e) and (f) of the Act since Fairmont does business within this *judicial circuit.*

The Board found that the company violated section 8(a) (1) of the Act by, *inter alia,* coercive interrogation of employees as to union activities: threatening employees with loss of jobs if they selected a union; and proposing an independent contractor arrangement in an effort to prevent union organization. We find substantial evidence on the record as a whole to support the Board's findings of section 8(a) (1) violations. In fact, before us, the company concedes the correctness of these findings.

The Board found that the company violated section 8(a) (3) and (1) of the Act by discriminatorily discharging Jerry Dennis and Steven Fryar for their union activities. The company sought to justify the discharges because of a substantial shortage in inventory at a company store where Dennis and Fryar were the only employees. We have examined the record and reach the conclusion that the Board's findings of discriminatory discharges are supported by substantial evidence and that the order of reinstatement of these two employees should be enforced.

Next, the Board found that the company violated section 8(a) (5) and (1) of the Act, first, by refusing to bargain with the union which represented a majority of its employees in an appropriate unit and, second, by taking unilateral action affecting wages and other terms and conditions of employment when the company was under a duty to bargain with the union.

This case is another in a series of cases arising in this circuit in which

1. The Board's decision and order are reported at 172 NLRB No. 21.

the Board order to bargain is based upon "authorization cards" signed by employees and not by reason of certification of the union as bargaining agent after a secret ballot election. Consistently, in several cases we have disapproved the Board's orders to bargain based upon authorization cards.[2]

We are aware that on December 16, 1968, (393 U.S. 997, 89 S.Ct. 482, 21 L. Ed.2d 462) the Supreme Court granted review of this court's decision in N. L. R. B. v. Gissel Packing Co., Inc. (398 F.2d 336). Counsel for the Board has requested that we defer further argument and final decision on the section 8(a) (5) portions of the instant case pending the Supreme Court's decision in *Gissel.* The request is granted. However, the Board's order in other respects will be enforced.

Enforcement granted in part and consideration of other portions of Board's order deferred.

2. General Steel Products, Inc. v. N. L. R. B., 398 F.2d 339 (4 Cir. 1968) ; N. L. R. B. v. Heck's, Inc., 398 F.2d 337 (4 Cir. 1968) ; N. L. R. B. v. Gissel Packing Co., Inc., 398 F.2d 336 (4 Cir. 1968) ; N. L. R. B. v. S. S. Logan Packing Company, 386 F.2d 562 (4 Cir. 1967) ; Crawford Manufacturing Co. v. N. L. R. B., 386 F.2d 367 (4 Cir. 1967).

